Pearson, C. J.
 

 The sheriff’s deed ¡to-Robinson andi Harrington, dated in 1796^ for a tract of 610 acres of land,' granted to David Allison, “by grant, No. 815;dated23rdoffApril, 1795-,” we think makes a link sufficiently strong in the-chain of title to connect the land, covered by this grant, with\ the-title of “ Robinson and Harrington,””'so as to establish that it was the Robinson and Harrington land referred’to--in the hearsay evidence of Alexander McCaskill, derived ¡through the testimony of the witness, Gillis. That evidence was competent on a question of boundary, and, .indeed, was not objected to on the trial’; consequently, there was some-evidence to be submitted to the jury, of the location of the Allison grant; for the fact, that by beginning-at the pine pointed out by McCaskill as “ the corner” of the Robinson and Harrington land, and running thence according to the calls of the grant, live general descriptions fit in, and concur to prove the accuracy of the witness, and make out a remarkable coincidence, which was well calculated to sátisfy the jury, that it was the true location of the grant. At all events, in- the opinion of this Court, the jury ought to have been allowed to take these several matters into consideration.. I-n aid of the hearsay evidence, we have the facts, that it fits the grant in this : 1st. It is a pine between Hitchcock creek and Mountain creek. 2nd. It is east of George Collins. 3rd. It is on the edge of the Grassy Island road. Ith. Running course and distance, the first line crosses the creek below McCalls’mill. 5th. The second line terminates
 
 above MoOalVs Mill.
 
 It is- true, these descriptions are very general, and neither taken by itself, would amount to much, but taken
 
 together,
 
 like many small circumstances, all pointing the same way, they were fit to- be sub
 
 *161
 
 mitted.to the jury, and;migh-t have enab'led'them to arrive-afe a.satisfactory conclusion.
 

 There is error.
 
 Venire d$ novo.-
 

 Per Curiam,
 

 Judgment reversed*.